ROB BONTA, State Bar No. 202668
Attorney General of California
JON S. ALLIN, State Bar No. 155069
Supervising Deputy Attorney General
DAVID E. KUCHINSKY, State Bar No. 292861
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7666
 Fax: (916) 324-5205
 E-mail: David.Kuchinsky@doj.ca.gov
*Attorneys for Defendants.*
*A. Martinez, M. Alvarado and R. Caraveo*

LORI RIFKIN, State Bar No. 244081
SAIRAH BUDHWANI, State Bar No. 327996
RIFKIN LAW OFFICE
3630 High Street #18917
Oakland, CA 94619
Telephone: (510) 414-4132
Email: lrifkin@rifkinlawoffice.com
       sbudhwani@rifkinlawoffice.com

*Limited Purpose Counsel for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **EDMOND PAUL PRICE,**<br><br>Plaintiff,<br><br>v.<br><br>**SHERMAN, et al.,**<br><br>Defendants. | 1:20-cv-00131-NONE-EPG<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**(ECF No. 52)**<br><br>**Local Rule 141.1**<br><br>Judge:       Hon. Erica P. Grosjean<br>Trial Date:  TBD<br>Action Filed: January 29, 2020 |

1

In an effort to facilitate discovery in this matter, Plaintiff, through his appointed counsel, and Defendants, through their counsel, stipulate as follows:

1. All information, testimony, documents, or things produced or given (by a party or by a non-party) as part of discovery in this action shall be governed by this Stipulated Protective Order. This Protective Order designates certain material as CONFIDENTIAL INFORMATION.

2. CONFIDENTIAL INFORMATION designations.

   a. The designation of "CONFIDENTIAL" is intended to encompass documents or materials that Plaintiff, Defendants, CDCR, or any nonparties in good faith believe contain information that would not ordinarily be disclosed to other persons or entities because the information is confidential under state or federal law or protected by privilege.[1] This designation is limited to the following categories: (i) Defendant officers' personnel and disciplinary records; (ii) material containing Plaintiff's protected health information; (iii) information and material related to the operation and security of the Substance Abuse Treatment Facility in Corcoran, California.

   b. The designation of "CONFIDENTIAL — ATTORNEYS' EYES ONLY" is intended to encompass documents or materials that Defendants or CDCR in good faith believe contain information that is particularly sensitive and therefore requires the utmost level of protection. This designation will only be used when the material, if shared, could jeopardize the safety and security of CDCR institutions, or its employees, inmates, or their respective family members.

3. The designation of information or materials for purposes of this Protective Order shall be made in the following manner by the party or nonparty seeking protection:

   a. Documents provided by a party in discovery shall be designated by marking the first page of each such document and each page or pages on which such information appears with a marking of "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY." If

---

[1] By agreeing to this protective order, no party waives the right to assert privilege over any of these categories of materials, or documents produced pursuant to these categories, and no party waives the right to object to these categories of materials, or documents produced pursuant to these categories, as non-privileged. Similarly, no party waives the right to move to compel or move for a protective order concerning production of materials in these categories.

1  the document was produced in electronic format, the designating party shall designate the
2  confidential document by physically labeling the outside of any media storing the electronic
3  documents.  Such documents shall be clearly marked at the time of production.
4        b.    In the case of documents, exhibits, briefs filed with the Court, or other
5  materials, excluding depositions or other pretrial and trial testimony, the designating party shall
6  clearly designate the document as either "CONFIDENTIAL" or "CONFIDENTIAL —
7  ATTORNEYS EYES ONLY" on the first page and each page containing any confidential
8  information.  If the document was produced in electronic format, the designating party shall
9  designate the confidential document by physically labeling the outside of any media storing the
10 electronic documents.
11       b.    In the case of depositions or other pretrial testimony, the designating party
12 shall, through counsel, state on the record what portions of the transcript shall be designated
13 "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS EYES ONLY."  The parties may
14 modify this procedure for any particular deposition or proceeding through agreement on the
15 record at such deposition or proceeding or otherwise by written stipulation.
16       c.    The designation shall be made (i) at the time such materials are disclosed or as
17 soon as possible thereafter; or (ii) as soon thereafter as the parties or any nonparties become
18 aware of an inadvertent production without a confidential designation.
19     4.    Information or materials designated as "CONFIDENTIAL" or "CONFIDENTIAL —
20 ATTORNEYS EYES ONLY" under this Protective Order, or copies or extracts and compilations
21 therefrom, may be disclosed, described, characterized, or communicated only to the following
22 persons:
23       a.    The attorney(s) of record for Plaintiff;
24       b.    The attorney(s) of record for Defendants and CDCR;
25       c.    Paralegal, stenographic, clerical and secretarial personnel regularly employed
26 by counsel for Plaintiff, Defendants, and CDCR, who are necessary to aid counsel for Plaintiff,
27 Defendants, and CDCR in the litigation of this matter;
28

   d. Court personnel and stenographic reporters engaged in such proceedings as are incidental to the preparation for the trial in this action; and

   e. Experts retained by counsel or the parties.

 5. No documents or material designated as "CONFIDENTIAL — ATTORNEYS EYES ONLY," or any information contained in such documents or material, shall be shown to, discussed with, or disclosed in any other manner to Plaintiff or any other inmate, any former inmate, any parolee or former parolee, or any other person who is not a current or former CDCR employee, including any percipient witness, unless a written waiver expressly authorizing such disclosure has been obtained from counsel for Defendants or CDCR.  Plaintiff's counsel may inform Plaintiff that such documents or material have been produced, but may not share the content or information contained therein.  Nothing in this Protective Order shall bar or otherwise restrict any attorney for a receiving party from rendering appropriate advice to the client with respect to this litigation, and in the course of rendering such advice, referring to or relying generally on the substance of the CONFIDENTIAL INFORMATION reviewed.  Because Plaintiff's counsel has been appointed only for the limited purpose of conducting discovery and negotiating settlement, Plaintiff and Plaintiff's counsel reserve the right to move the court for an order modifying this protective order should counsel's representation end or circumstances change such that Plaintiff contends he needs the material.  Defendants reserve the right to object to modification of the order should such a motion arise.

 6. No person who has access to any confidential material as set forth above shall copy any portion of the confidential material, except as necessary to provide a copy of the confidential material to any other authorized individual listed in paragraph 3, or to submit copies to the Court in connection with this matter.  Any copies made for such purpose will be subject to this order.  A copy of this order must be provided to any individual authorized to access the confidential material before providing that individual with access to the confidential material, including experts or consultants retained by counsel.  Counsel for each party shall maintain a record of all persons to whom access to the other party's CONFIDENTIAL INFORMATION has been

provided. The Court and parties may request a copy of such record at any time to determine compliance with the Court's order.

7. Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any CONFIDENTIAL INFORMATION. A party that seeks to file under seal any CONFIDENTIAL INFORMATION must comply with General Local Rule 141. CONFIDENTIAL INFORMATION may only be filed under seal pursuant to a court order authorizing the sealing of the specific CONFIDENTIAL INFORMATION at issue. If a party's request to file CONFIDENTIAL INFORMATION under seal pursuant to Local Rule 141 is denied by the court, then the party may file the information in the public record unless otherwise instructed by the court.

8. At the conclusion of the proceedings in this case, including any period for appeal or collateral review, or upon other termination of this litigation, counsel shall destroy all confidential materials and all copies of such material in their possession or return such materials to counsel for the other party. Because Plaintiff's counsel has been appointed only for the limited purpose of conducting discovery and negotiating settlement, and therefore may not be aware when proceedings ultimately conclude in this case, counsel for Defendants agree to notify Plaintiff's counsel at such time so that this section may be carried out.

9. Nothing in this protective order is intended to prevent officials or employees of the State of California, or other authorized government officials, from having access to confidential material to which they would have access in the normal course of their official duties.

10. A receiving party shall not be obligated to challenge the propriety of a CONFIDENTIAL INFORMATION designation at the time it is made, and a failure to do so shall not preclude a subsequent challenge thereto. If a party believes that a producing party's designation of information as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" is not warranted, the party shall first make a good faith effort to resolve such a dispute with the opposing party. In the event that the parties cannot resolve such a dispute, either party may challenge that designation by making an application to the Court in accordance with

the Magistrate Judge's Standing Orders, the Local Rules of the United States District Court for the Eastern District of California, and the Federal Rules of Civil Procedure. If such relief is requested from the Court, it shall be the burden of the party claiming protection under this Protective Order to establish that the contested material is CONFIDENTIAL INFORMATION.

11. The provisions of this protective order are without prejudice to the right of any party:

(a) To apply to the Court for a further protective order relating to any confidential material or relating to discovery in this litigation;

(b) To apply to the Court for an order removing the confidential material designation from any documents; or

(c) To object to a discovery request.

(d) To move to compel related to a discovery request.

12. All CONFIDENTIAL INFORMATION in this matter shall be used solely in connection with the litigation of this matter, or any related appellate proceeding and collateral review, and not for any other purpose, including any other litigation or proceeding.

13. Any violation of this order may result in sanctions by this Court, including contempt, and may be punishable by state or federal law.

14. The provisions of this order shall remain in effect until further order of this Court. The Court will provide the parties an opportunity to be heard should the Court find modification of this order necessary.

//

//

**IT IS SO STIPULATED**

Dated: November 3, 2021

/s/ David Kuchinsky
_____
DAVID E. KUCHINSKY
Deputy Attorney General
*Attorneys for Defendants*
*A. Martinez, M. Alvarado, and R. Caraveo*

Dated: November 3, 2021

/s/ Sairah Budhwani
_____
LORI RIFKIN
SAIRAH BUDHWANI
*Limited Purpose Counsel for Plaintiff*

## **ORDER**

Pursuant to the stipulation of the parties (ECF No. 52), the parties' Stipulated Protective Order is hereby approved.

IT IS SO ORDERED.

Dated:  **November 5, 2021**              /s/ *Erica P. Grosjean*
                                          _____
                                          UNITED STATES MAGISTRATE JUDGE