UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDMOND PAUL PRICE,<br><br>    Plaintiff,<br><br>  v.<br><br>ALVARADO, et al.,<br><br>    Defendants. | Case No. 1:20-cv-00131-JLT-EPG (PC)<br><br>ORDER GRANTING MOTION TO COMPEL<br><br>(ECF No. 63) |

Plaintiff Edmond Paul Price is a Nevada state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter is currently before the Court on Defendants' motion to compel Plaintiff's responses to discovery requests. (ECF No. 63). For the reasons given, the Court will grant the motion to compel.

**I.     BACKGROUND**

This case proceeds on Plaintiff's Eighth Amendment claims against:

- Defendant Alvarado, for excessive force and deliberate indifference to serious medical needs, each in violation of the Eighth Amendment; conspiracy to violate the Eighth Amendment; violation of the First Amendment; and violation of the Fourth Amendment for an unreasonable search;

- Defendant Carivao, for excessive force and deliberate indifference to serious medical needs, each in violation of the Eighth Amendment; conspiracy to violate the Eighth

Amendment; and violation of the First Amendment;

- Defendant Martinez, for failure to protect in violation of the Eighth Amendment and conspiracy to violate the Eighth Amendment.

(ECF Nos. 11, 14, 19). Although Plaintiff was previously appointed counsel for the limited purposes of conducting discovery and participating in a settlement conference, counsel's appointment has ended, and Plaintiff is proceeding *pro se*. (ECF Nos. 30, 62).

On February 14, 2022, the Court modified the case schedule, setting a deadline of March 11, 2022, for requests for non-expert discovery; April 22, 2022, for responses and objections to non-expert discovery; May 20, 2022, for motions to compel; June 10, 2022, for opposition briefs, and June 24, 2022, for reply briefs. (ECF No. 62). On May 20, 2020, Defendants filed a motion to compel "answers to Defendant Alvarado's First Sets of Interrogatories and Requests for Production of Documents, which were served on Plaintiff on March 7, 2022." (ECF No. 63, p. 1). Defendants state that Plaintiff has failed to file any responses or request an extension of time to do so. (ECF No. 63-1, p. 1). Accordingly, they move for an order under Federal Rule of Civil Procedure 37(a)(3)(B) to compel Plaintiff to respond to the interrogatories and requests for production of documents. Plaintiff has not filed any response to the motion to compel, and the June 10, 2022 deadline for him to do so has expired.

## II.     ANALYSIS

"District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)). In this case, Defendants represent that they have served interrogatories and requests for production of documents, which Plaintiff has failed to respond to. In such cases, Rule 37(a)(3)(B) permits a party to move for an order compelling discovery responses. Plaintiff has not opposed the motion to compel, which may be construed under Local Rule 230(c) "as a nonopposition to the motion."

Further, the Court notes that a party's failure to obey a court order to provide discovery may subject to the party to a variety of sanctions under Rule 37(b)(2)(A), including the dismissal of the action in whole or in part. Here, given Plaintiff's failure to respond to discovery and Defendants' motion to compel, the Court will grant the motion to compel and warn Plaintiff of future sanctions should he not comply with this Court's orders.[1]

### III.   ORDER

For the reasons given, IT IS ORDERED as follows:

1. Defendants' motion to compel Plaintiff's responses to discovery requests (ECF No. 63) is granted.
2. By no later than July 28, 2022, Plaintiff shall respond to Defendant Alvarado's First Sets of Interrogatories and Requests for Production of Documents.
3. If Plaintiff fails to comply with this order, Defendants may file a motion for sanctions.
4. Plaintiff is warned that failure to comply with this order may result in sanctions up to and including dismissal of the case for failure to prosecute and failure to comply with court orders.

\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\

---

[1] The Court is concerned that Plaintiff has not responded to discovery or the instant motion. Previously, Plaintiff has been responsive to orders in this case. The Court notes that Plaintiff has not filed any change of address or indication that he has moved. Nevertheless, if Plaintiff fails to respond to discovery notwithstanding this order and Defendants later move for sanctions, the Court may examine further whether Plaintiff is properly receiving documents and is able to file responses.

5. And given that Plaintiff is no longer represented by counsel, the Clerk of Court is respectfully directed to terminate Plaintiff's former attorneys as current counsel of record from the docket and to list Plaintiff's current address (ECF No. 9) on the docket for purposes of service.

IT IS SO ORDERED.

Dated: **June 28, 2022**            /s/ Eric P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE