UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDMOND PAUL PRICE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALVARADO, et al.,<br><br>　　　　Defendants. | No. 1:20-cv-00131-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' MOTION FOR SANCTIONS BE DENIED<br><br>(ECF No. 68)<br><br>OBJECTIONS, IF ANY, DUE WITHIN 14 DAYS<br><br>ORDER DENYING AS MOOT MOTION FOR WARDEN BRIAN WILLIAMS TO MAKE PLAINTIFF AVAILABLE FOR HEARING<br><br>(ECF No. 76)<br><br>ORDER SETTING CASE DEADLINES |

　　　　Plaintiff Edmond Paul Price is a Nevada state prisoner proceeding *pro se and in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. This matter is before the Court on Defendants' motion for sanctions, which seeks an order dismissing this case based on Plaintiff's failure to provide discovery responses and an award of attorney fees. (ECF No. 68). This matter is also before the Court on Plaintiff's motion for an order requiring Warden Brian Williams to make him available for the hearing on the motion for sanctions. (ECF No. 76).

　　　　The Court held a hearing on the motion for sanctions on March 1, 2023, in which Plaintiff appeared *pro se* and Attorney David Kuchinsky appeared on behalf of Defendants. For the

1

reasons given at the hearing and specified below, the Court will recommend that Defendants' motion for sanctions be denied, will issue an order denying as moot Plaintiff's motion for Warden Brian Williams to make him available for the hearing, and will issue an order setting case deadlines.

**I.      BACKGROUND**

This case proceeds on Plaintiff's Eighth Amendment claims against:

- Defendant Alvarado, for excessive force and deliberate indifference to serious medical needs, each in violation of the Eighth Amendment; conspiracy to violate the Eighth Amendment; violation of the First Amendment; and violation of the Fourth Amendment for an unreasonable search;
- Defendant Carivao, for excessive force and deliberate indifference to serious medical needs, each in violation of the Eighth Amendment; conspiracy to violate the Eighth Amendment; and violation of the First Amendment;
- Defendant Martinez, for failure to protect in violation of the Eighth Amendment and conspiracy to violate the Eighth Amendment.

(ECF Nos. 11, 14, 19). Although Plaintiff was previously appointed counsel for the limited purposes of conducting discovery and participating in a settlement conference, counsel's appointment has ended, and Plaintiff is proceeding *pro se*. (ECF Nos. 30, 62).

On February 14, 2022, the Court modified the case schedule, setting a deadline of March 11, 2022, for requests for non-expert discovery; April 22, 2022, for responses and objections to non-expert discovery; May 20, 2022, for motions to compel; June 10, 2022, for opposition briefs, and June 24, 2022, for reply briefs. (ECF No. 62). On May 20, 2020, Defendants filed a motion to compel "answers to Defendant Alvarado's First Sets of Interrogatories and Requests for Production of Documents, which were served on Plaintiff on March 7, 2022." (ECF No. 63, p. 1). Defendants stated that Plaintiff failed to file any responses or request an extension of time to do so. (*Id.*). Plaintiff did not timely file any response to the motion to compel, and the Court granted the motion on June 28, 2022, directing Plaintiff to file his discovery responses by no later than July 28, 2022. (ECF No. 64). After the Court's order was returned as undeliverable, the Court directed the Clerk to remail certain documents to Plaintiff using a different prisoner ID number

2

and extended Plaintiff's deadline to file a response to November 1, 2022. (ECF No. 65).

On January 25, 2023, Defendants filed a motion seeking alternative sanctions, foremost requesting that this case be dismissed because Plaintiff had failed to provide discovery responses and requesting an award of attorney fees from having filed a motion to compel. (ECF No. 68). On January 31, 2023, Plaintiff filed a status report, stating that he provided discovery responses to Defendants, he filed his own motion to compel discovery responses (which this Court never received), and he believed prison officials at High Desert State Prison were interfering with his mail because of his helping other inmates with their litigation. (ECF No. 71). On February 15, 2023, Defendants filed a response to the status report, stating that they never received discovery responses or a motion to compel from Plaintiff. (ECF No. 74).

On February 28, 2023, Plaintiff filed a motion for an order requiring Warden Brian Williams to make him available for the hearing on the motion for sanctions. (ECF No. 75). Plaintiff also orally moved to compel the identity of inmate witnesses that were redacted from Defendants' discovery responses.[1] (ECF No. 76).

## II.     LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v), the Court may dismiss an action if a party fails to obey an order to provide discovery. Likewise, under Rule 41(b), a court may dismiss an action for failure to comply with court orders and to prosecute. "A district court should consider five factors before imposing the sanction of dismissal: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002) (listing factors for consideration under Rule 37(b)); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (listing same factors for consideration under Rule 41(b)). "Besides weighing the foregoing factors, the district court must also determine that the violations of discovery orders were due to the willfulness, bad faith, or fault of the party. Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate

---

[1] The Court notes that other issues were addressed at the hearing, including the parties' requests to withhold the identities of witnesses and Plaintiff's motion to be treated like other prisoners at his prison. (*See* ECF No. 72). The Court will address this issue in due course.

3

willfulness, bad faith, or fault." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1167 (9th Cir. 1994), *as amended* (July 25, 1994) (citation omitted). Likewise, the Court must not order payment of attorney fees if circumstances make such an award unjust. Fed. R. Civ. P. 37(a)(5).

This issue was discussed extensively on the record. In short, Plaintiff contends that his mail regarding this case is not being processed properly. He contends that he has sent responses to Defendants' discovery responses, has filed a motion to compel with the Court, and has not received several documents regarding this case. Defendants assert that Plaintiff has deliberately failed to prosecute this case.[2] Upon review of the parties' filings and the record as a whole, the Court is unable to determine that Plaintiff's failure to provide discovery responses and comply with the Court's orders was willful, in bad faith, or due to circumstances within his control.

Notably, it was not until after Plaintiff's limited purpose counsel was terminated from this action in February 2022 that Plaintiff stopped participating in the litigation. (ECF No. 62). In July 2022, the Court's order granting Defendants' motion to compel was returned as undeliverable, even though other mailings sent to the same address (which Plaintiff himself provided) had not been returned as undeliverable. (*See* ECF No. 9). The Court then directed the Clerk to resend certain mailings, but a later order was returned as undeliverable in February 2023 despite the Court using the corrected prisoner ID number.

In his status report and at the hearing, Plaintiff claimed to be having trouble receiving and sending out mailings for this case, which he attributed to prison officials deliberately interfering with his mail. At the hearing on this matter, defense counsel represented that he had spoken to someone at the prison, who confirmed that the correct address for Plaintiff was being used, and counsel could not explain why mail was being returned to this Court. Moreover, at the hearing, Plaintiff stated that he had every intent to comply with the Court's discovery orders and asked, and was granted permission to, read aloud his discovery responses to defense counsel.

---

[2] As featured in the parties' filings and discussed at the hearing, the parties also disagree whether Plaintiff refused to be escorted out of his cell for a February 2023 phone call with defense counsel. Defense counsel stated that prison officials represented that Plaintiff refused to participate in the phone call, although they had no documentation to provide defense counsel of this refusal. (*See* ECF No. 74, p. 3). Plaintiff stated that no one told him about the call, he would have participated had they told him, and inmate refusals are typically documented. (*See* ECF No. 76). The Court determines that it need not ultimately resolve this tangential dispute, but generally noted, for the reasons explained below, it cannot find that Plaintiff has intentionally failed to participate in the litigation.

4

The Court cannot make a factual determination at this time regarding why Plaintiff's mail is not being processed correctly. However, it does not believe it has sufficient basis to impose sanctions on Plaintiff. Plaintiff's past vigorous litigation of this case, the documented history of problems with Plaintiff's mailings, and Plaintiff's willingness at the hearing to provide his discovery responses on the record to defense counsel all suggest that Plaintiff at least attempted to send discovery responses to Defendants. Accordingly, having found no willful, bad faith, or fault on Plaintiff's part in failing to provide discovery responses, the Court will not address the remaining factors and will recommend that Defendants' motion for sanctions be denied in its entirety.

### III.     ORDER

For the reasons stated above and at the hearing, IT IS ORDERED as follows:

1. Plaintiff's motion for an order requiring Warden Brian Williams to make him available for the hearing on the motion for sanctions (ECF No. 76) is denied as moot.
2. Within 30 days from Plaintiff's receipt of this order, he is directed to provide the following to either defense counsel or the Court:
    a. All documents supporting his claims,[3] including the two letters discussed at the hearing.
    b. A list of witnesses and Plaintiff's recollection of statements made by witnesses or what information he expects they could provide at trial.[4]
3. Within 45 days from Defendants' receipt of this order, they shall file a notice, advising the Court (a) whether they have received the discovery ordered above, (b) whether they seek to re-depose Plaintiff, and if so, the grounds for doing so.
4. By no later than March 17, 2023, Defendants shall provide to the Court for *in camera* review the unredacted documents regarding the witnesses discussed at the hearing. The documents shall be Bates stamped and emailed to epgorders@caed.uscourts.gov *or* mailed to Judge Grosjean at 2500 Tulare Street, Sixth Floor, Fresno, CA 93721.

---

[3] This includes documents Defendants represent they have not received but does not include documents that Defendants already possess, such as those provided by Plaintiff's former counsel earlier in discovery.

[4] Until the Court orders otherwise, Plaintiff need not provide the names of the inmate witnesses discussed at the hearing but should provide a description sufficient to identify each witness (*e.g.*, "Inmate 1") along with a description of the types of evidence they may possess.

Defendants shall also file and serve a notice that they have complied with this order.

5. By no later than April 7, 2023, Defendants shall file a response to Plaintiff's oral motion at the hearing to compel the identify of witnesses. By this same date, either party may file a legal memorandum regarding a party's ability to withhold witnesses' names.

6. By no later than May 26, 2023, either party may file a dispositive motion.

7. By no later than July 14, 2023, either party may file an opposition to the opposing party's dispositive motion.

8. By no later than August 31, 2023, either party may file a reply in support of that party's dispositive motion.

## IV.  FINDINGS AND RECOMMENDATIONS

For the reasons stated above and at the hearing, IT IS RECOMMENDED that Defendants' motion for sanctions (ECF No. 68) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **March 2, 2023**                    /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE

6