UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDMOND PAUL PRICE,<br><br>      Plaintiff,<br><br>   v.<br><br>ALVARADO, et al.,<br><br>      Defendants. | No. 1:20-cv-00131-JLT-EPG (PC)<br><br>ORDER (1) DENYING PLAINTIFF'S MOTION TO COMPEL THE IDENTITIES OF INMATES; (2) DENYING PLAINTIFF'S MOTION TO IDENTIFY JOHN DOE WITNESSES; AND (3) DENYING, WITHOUT PREJUDICE, DEFENDANTS' MOTION TO EXCLUDE UNDISCLOSED DOCUMENTS<br><br>(ECF Nos. 77, 84, 88) |

**I.    INTRODUCTION**

Plaintiff Edmond Paul Price is a Nevada state prisoner proceeding *pro se and in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. This case proceeds on Plaintiff's Eighth Amendment claims against: (1) Defendant Alvarado, for excessive force and deliberate indifference to serious medical needs, each in violation of the Eighth Amendment; conspiracy to violate the Eighth Amendment; violation of the First Amendment; and violation of the Fourth Amendment for an unreasonable search; (2) Defendant Carivao, for excessive force and deliberate indifference to serious medical needs, each in violation of the Eighth Amendment; conspiracy to violate the Eighth Amendment; and violation of the First Amendment; and (3) Defendant Martinez, for failure to protect in violation of the Eighth Amendment and conspiracy to violate the Eighth Amendment. (ECF Nos. 11, 14, 19).

After Plaintiff failed to participate in this case, the Court held a hearing on Defendants'

1

motion for sanctions on March 1, 2023, during which Plaintiff made an oral motion to compel the identities of inmates who gave statements as part of a prison investigation concerning the claims in this case. (ECF No. 77). The Court issued findings and recommendations to deny the motion for sanctions, which the District Judge adopted. (ECF Nos. 79, 81). Within the findings and recommendations, the Court issued an order setting various deadlines related to the completion of discovery, including requiring Defendants to respond to Plaintiff's motion to compel. (ECF No. 79).

Thereafter, Plaintiff filed a motion for an order requiring Defendants to identify John Doe witnesses contained in his list of witnesses (ECF No. 84), and Defendants filed a motion to exclude any documents that Plaintiff failed to provide during discovery (ECF No. 88).[1] The time for briefing on all the pending motions has concluded, and the motions are ripe for decision. For the reasons given below, the Court will (1) deny Plaintiff's motion to compel the identities of inmates; (2) deny Plaintiff's motion to identify John Doe witnesses; and (3) deny, without prejudice, Defendants' motion to exclude undisclosed documents.

## II.   MOTIONS

### A.   Plaintiff's Motion to Compel the Identities of Inmates

At the hearing on the motion for sanctions, Plaintiff orally moved to compel the identities of inmates who gave statements as part of a prison investigation concerning the claims in this case. (ECF No. 77). The Court ordered Defendants to submit a copy of the unredacted report containing the statements at issue for *in camera* review, which Defendants provided. (ECF No. 80).

On April 7, 2023, Defendants filed their opposition raising three main arguments to deny the motion: (1) the report is privileged and the inmates' security could be jeopardized if their identities were disclosed due to the danger of other inmates labelling them as "snitches" for cooperating with an investigation; (2) Plaintiff was provided a redacted version of the statements, none of which support his claims, and also a list of relevant inmates in the area where the incidents occurred so that Plaintiff could conduct his own investigation; and (3) the motion is

---

[1] While these filings were submitted as "requests," the Court construes them as motions because they seek a court order. Fed. R. Civ. P. 7(b)(1) (noting that "[a] request for a court order must be made by motion").

1  untimely. (ECF No. 87). In support of the opposition, Defendants provide the declaration of a
2  CDCR litigation coordinator, J. Barba, who generally discusses the dangers posed to inmates who
3  cooperate with prison staff. (ECF No. 87).

4        On April 18, 2023, Plaintiff filed a reply arguing that (1) he does not have the influence
5  nor motivation to threaten the safety of the involved inmates; (2) Plaintiff believes the statements
6  are fabricated or made under duress and he wishes to question the inmates himself; and (3)
7  Plaintiff tried to file the motion earlier but was unsuccessful.[2] (ECF No. 90).

8        Federal Rule of Civil Procedure 26(b)(1) provides for the discovery of "any nonprivileged
9  matter that is relevant to any party's claim or defense and proportional to the needs of the case."
10  Here, Defendants generally assert the qualified privilege for "official information" regarding the
11  report at issue. Discussing this privilege, the Ninth Circuit has stated as follows:

> Federal common law recognizes a qualified privilege for official information. *Kerr v. United States Dist. Ct. for N.D. Cal.*, 511 F.2d 192, 198 (9th Cir.1975), *aff'd*, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). . . . To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery. *Jepsen v. Florida Bd. of Regents*, 610 F.2d 1379, 1384-85 (5th Cir.1980); [*Zaustinsky v. Univ. of California*, 96 F.R.D. 622, 625 (N.D. Cal. 1983), *aff'd*, 782 F.2d 1055 (9th Cir. 1985)].

*Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033–34 (9th Cir. 1990), *as amended on denial of reh'g* (Feb. 27, 1991), *as amended on denial of reh'g* (May 24, 1991). Likewise, "[w]hen discoverable information may give rise to institutional safety and security concerns, courts balance the need for the information and the extent the information compromises security to determine whether disclosure is warranted." *Rogers v. Giurbino*, 288 F.R.D. 469, 480 (S.D. Cal. 2012).

      In considering these interests, the Court first concludes that the potential benefit of Plaintiff receiving this information is low. Defendants have already provided Plaintiff with a redacted version of the report, which omits most inmate names and prison identification numbers, but contains the unredacted statements of each inmate. In those statements, the inmates all claim not to have witnessed the alleged assault. Moreover, Defendants do not intend to call any of the

---

[2] Minor alterations, such as changing capitalization, have been made to some of Plaintiff's quotations without indicating each change.

3

inmates as witnesses at trial.³ While Plaintiff asserts that these statements must be fabricated or made under duress, he provides no evidence or developed argument to support this assertion. In any event, given that Defendants do not plan to call the inmates as witnesses, their credibility will not be at issue during the trial.

As for the potential disadvantages of disclosure, there is some safety concern that the inmates who made statements as part of the investigation could be subject to retaliation for cooperating with a prison investigation. Specifically, the declaration of J. Barba states that inmates are assured during investigations that their identities will remain confidential and that inmates who are known to cooperate with prison officials may be labeled "snitches" and thus put in danger of retaliation or harassment from fellow inmates, in additional to the risk of inmates not cooperating in the future. (ECF No. 87, pp. 21-22).

When balancing this potential risk against the low benefit from Plaintiff obtaining the identities of the inmates, the Court will deny Plaintiff's motion to compel the inmates' identities.⁴

### B. Plaintiff's Motion to Identify John Doe Witnesses

In his list of witnesses, filed on March 29, 2023, Plaintiff lists some John Does, *e.g.*, officers working the floor of a certain prison facility, and lists two prison officials with the last name of Smith. (ECF No. 84). Within this filing, Plaintiff moves for "an order directing Defendants to disclose the names of all John and Jane Does that ha[ve] been listed as a witness herein and to provide a first name [for] both Smiths listed as witnesses." (*Id.* at 5). Defendants' opposition argues that Plaintiff failed to request any names for these persons during discovery and thus his motion is untimely. (ECF No. 89). Plaintiff has not filed a reply, and the time to do so has expired. *See* Local Rule 230(l).

The Court agrees that the motion is untimely. The Court opened discovery on November 24, 2020, setting a non-expert discovery deadline of July 23, 2021. (ECF No. 28). On December

---

³ Defendants would be precluded from relying on undisclosed information. Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."). Specifically, Defendants cannot withhold the inmate names and then call them as witnesses at trial. However, given Defendants' representation that they will not call the inmates at trial, this is not an issue in this case.

⁴ Having concluded that the inmates' identities should not be disclosed under the balancing test, the Court need not reach Defendants' timeliness argument.

4, 2020, the Court appointed counsel for the limited purpose of conducting discovery and participating in a settlement conference. (ECF No. 30). After counsel's appointment ended, the non-expert discovery deadline was continued to March 11, 2022, with a deadline to file a motion to compel by May 20, 2022. (ECF No. 62). While Plaintiff claimed in an unrelated filing that he attempted to file a motion to compel "certain names and things" by the deadline, he did not specify whether this purported motion concerned the John Does at issue here. (ECF No. 71, p. 4). Moreover, Plaintiff has not filed a reply addressing Defendants' argument that he could have moved for this information during the discovery period.

Given these circumstances, Plaintiff's motion is untimely and will be denied on that basis. *Correa v. Braudrick*, No. 1:19-CV-00369-ADA-BAK (GSA) (PC), 2022 WL 3704216, at *1 (E.D. Cal. Aug. 26, 2022), *objections overruled*, 2022 WL 14122776 (E.D. Cal. Oct. 22, 2022) (internal citation and quotation marks omitted) ("Thus, the untimeliness of a motion to compel is sufficient ground, standing alone, to deny a discovery motion.").

### C. Defendants' Motion to Exclude Undisclosed Documents

In providing a list of documents, Plaintiff stated in the conclusion as follows: "These documents may not be the only documents Plaintiff has obtained thus far but at this point it is Plaintiff's belief that this disclosure will make Defendants aware of all documents Plaintiff now has." (ECF No. 83, p. 6). Plaintiff then states that he anticipates receiving more "J-Pay emails" and any email provided to him in the future should not require disclosure because they are documents that are available to Defendants.

In response, Defendants filed a motion on April 14, 2023, arguing that Plaintiff has failed to provide all documents supporting his claims and "request[ing] that this Court issue an order precluding Plaintiff from offering any documents at summary judgment or trial that were not provided in his March 29, 2023, filings or that are otherwise already in the defense's possession." (ECF No. 88, p. 2). On April 26, 2023, Plaintiff filed a response stating:

> Despite the fact that Plaintiff did not provide every document he has to the Court, Plaintiff does contend that every document he currently has are documents that have been disclosed to Defendants, by Defendants or documents Defendants have direct access to (such as J-Pay emails from inmates housed at the prison).

(ECF No. 91).

Defendants have not filed any reply, and the time to do so has expired. *See* Local Rule 230(l).

Upon review, the Court will deny Defendants' motion without prejudice. While the Court recognizes the general rule that undisclosed information cannot be used later in a case, *see* Fed. R. Civ. P. 37(c)(1), Plaintiff does not say that he plans to rely on any undisclosed documents. However, if he attempts to do so later, Defendants may raise the issue with an appropriate motion and before the appropriate judge.[5]

### III. CONCLUSION AND ORDER

For the reasons given above, IT IS ORDERED as follows:

1. Plaintiff's oral motion to compel the identities of inmates (ECF No. 77) is denied.
2. Plaintiff's motion to identify John Doe witnesses (ECF No. 84) is denied.
3. Defendants' motion to exclude undisclosed documents (ECF No. 88) is denied without prejudice.

IT IS SO ORDERED.

Dated: **May 16, 2023**          /s/ Erica P. Grosjean
                                 UNITED STATES MAGISTRATE JUDGE

---

[5] For example, if Plaintiff seeks to introduce an undisclosed document at trial, any objection will be heard by the presiding District Judge.