UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDMOND PAUL PRICE,<br><br>    Plaintiff,<br><br>    v.<br><br>ALVARADO, et al.,<br><br>    Defendants. | No. 1:20-cv-00131-JLT-EPG (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL, GRANTING FINAL EXTENSION TO RESPOND TO MOTION FOR SUMMARY JUDGMENT, AND DIRECTING CLERK OF COURT TO MAIL PLAINTIFF CERTAIN DOCUMENTS<br><br>(ECF No. 102) |

Plaintiff Edmond Paul Price is a Nevada state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. This case proceeds on Plaintiff's Eighth Amendment claims against: (1) Defendant Alvarado, for excessive force and deliberate indifference to serious medical needs, each in violation of the Eighth Amendment; conspiracy to violate the Eighth Amendment; violation of the First Amendment; and violation of the Fourth Amendment for an unreasonable search; (2) Defendant Carivao, for excessive force and deliberate indifference to serious medical needs, each in violation of the Eighth Amendment; conspiracy to violate the Eighth Amendment; and violation of the First Amendment; and (3) Defendant Martinez, for failure to protect in violation of the Eighth Amendment and conspiracy to violate the Eighth Amendment. (ECF Nos. 11, 14, 19).

On May 26, 2023, Defendant filed a motion for summary judgment. (ECF No. 94). However, despite an extended deadline to November 27, 2023, to file an opposition, Plaintiff has

1

filed a motion to appoint counsel, stating that he will be unable to meet this deadline. (ECF No. 102). Plaintiff states that he was placed in administrative segregation at his prison, which led to his legal work being confiscated and not yet being returned. Additionally, Plaintiff states that he was going to purchase copies of relevant documents from the docket, but prison officials wrongfully declined to send the money to the Court based on him having insufficient funds.

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

The Court will not order appointment of *pro bono* counsel at this time. Although the Court previously appointed counsel in this case, that was for the limited purpose of discovery and a settlement conference, with counsel's appointment having ended. (ECF Nos. 30, 62). The Court has reviewed the record in this case and, at this time, is unable to determine that Plaintiff is likely to succeed on the merits of his claims. Moreover, it appears that Plaintiff can adequately articulate his claims.

However, given Plaintiff's representations about being denied access to his legal materials and being unable to purchase copies from the docket, the Court will direct the Clerk of Court to mail Plaintiff courtesy copies of critical documents and will extend the deadline one final time for him to file an opposition.

Accordingly, IT IS ORDERED as follows:

1. Plaintiff's motion to appoint counsel (ECF No. 102) is denied.

2. The Court will grant Plaintiff a final extension to January 22, 2024, to file any opposition to the pending motion for summary judgment. If no opposition is filed by this date, the Court will consider the motion unopposed. Local Rule 230(c). If Plaintiff files an opposition, Defendant shall have until February 20, 2023, to file any reply.

3. The Clerk of Court is directed to send Plaintiff a courtesy copy of the pending motion for summary judgment (ECF No. 94), including all attachments, as well as Plaintiff's complaint (ECF No. 1), and the screening order (ECF No. 11).

IT IS SO ORDERED.

Dated: **November 27, 2023**         /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE

3