UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDMOND PAUL PRICE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALVARADO, et al.,<br><br>　　　　Defendants. | Case No. 1:20-cv-00131-JLT-EPG (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REVISE HIS WITNESS LIST<br><br>(ECF No. 107). |

　　　　Plaintiff Edmond Paul Price is a Nevada state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. This matter is before the Court on Plaintiff's motion to revise his witness list to add two persons—Defendant Martinez and Tammera Weaver. (ECF No. 107).

　　　　Defendants filed an opposition to the motion on February 21, 2024, noting that Defendant Martinez was already identified, and thus the motion was unnecessary as to her. (ECF No. 111). However, as to Tammera Weaver, they argued that Plaintiff should be denied leave to add her as untimely.

　　　　Plaintiff filed a reply on March 11, 2024, asserting that he previously did not list Tammera Weaver because he thought she would be reluctant to testify; however, he just learned that she is willing to testify. (ECF No. 117).

　　　　Upon review, the Court will grant Plaintiff's motion to add Tammera Weaver to his witness list. However, to mitigate the risk of prejudice to Defendants, the Court will reopen

1

discovery for the limited purpose of allowing Defendants to conduct discovery as to her.[1]

## I. BACKGROUND

Plaintiff's complaint alleges that, after he had an incident with Defendant Martinez during which he accused her of unfair treatment, Defendants took away privileges from inmate workers while placing the blame on him, leading Plaintiff to be attacked by fellow inmates and thereafter being assaulted by Defendants Alvarado and Caraveo. (ECF No. 1). After screening, this case proceeded on the follow claims against:

- Defendant Alvarado, for excessive force and deliberate indifference to serious medical needs, each in violation of the Eighth Amendment; conspiracy to violate the Eighth Amendment; violation of the First Amendment; and violation of the Fourth Amendment for an unreasonable search;

- Defendant Carivao, for excessive force and deliberate indifference to serious medical needs, each in violation of the Eighth Amendment; conspiracy to violate the Eighth Amendment; and violation of the First Amendment;

- Defendant Martinez, for failure to protect in violation of the Eighth Amendment and conspiracy to violate the Eighth Amendment.

(ECF Nos. 11, 14, 19).

Defendants previously moving for dismissal based on Plaintiff's alleged failure to provide discovery responses. (ECF No. 68). Ultimately, the Court denied the motion because it was unable to determine that Plaintiff's failure to provide discovery responses and comply with the Court's orders was willful, in bad faith, or due to circumstances within his control. (ECF No. 79). Rather, the Court noted various record entries suggesting that Plaintiff's failure to provide discovery was due to mailing issues associated with Plaintiff's institution of confinement.

However, the Court ordered Plaintiff, within thirty days of his receipt of its March 2, 2023, order to provide (1) all documents supporting his claims, including two letters discussed at a court hearing; and (2) a list of witnesses and Plaintiff's recollection of statements made by witnesses or what information he expects they could provide at trial.

Within thirty days, Plaintiff provided a list of supporting documents and a witness list.

---

[1] Because Martinez was already identified as a witness, Plaintiff's request as to her is unnecessary.

(ECF No. 83, 84). Among the supporting documents were letters concerning Joseph Weaver, Plaintiff's former cellmate. Generally, Plaintiff indicates that Joseph Weaver was killed by prison officials because he knew information relevant to this lawsuit.

One letter is from Joseph Weaver to his mother and describes how he was threatened by prison officials to not testify regarding a lawsuit filed by his prior cellmate.[2] The other letter is from Billie Weaver (Joseph Weaver's mother) to Plaintiff and generally asserts that Joseph Weaver was killed by prison officials because of Plaintiff's lawsuit. According to Plaintiff, Billie Weaver died shortly after writing this letter.

## II.   ANALYSIS

Plaintiff's motion to revise his witness list states that he intends to call Tammera Weaver (Joseph Weaver's sister) to testify about the Billie Weaver letter described above and the assistance that Tammera Weaver provided to her mother in sending the letter. (ECF No. 107, p. 4). Plaintiff also indicates that he may seek to introduce the letter.

Defendants oppose the motion, arguing as follows:

> Plaintiff has made no showing that he could not have listed Tammera Weaver on his March 29, 2023, or that there was any reason he did not know of the identity and potential need to call her as a witness in this case on March 29, 2023, and he should not be permitted to add a new witness after the close of discovery and after being ordered to disclose all witnesses.
>
> Should the Court be inclined to allow Plaintiff to add Tammera Weaver as a witness, nearly a year after he was ordered to disclose witness to Defendants, the Court should at the very least require Plaintiff to disclose contact information so that defense counsel can contact and interview her and grant defense counsel the opportunity to depose Tammera Weaver to avoid surprise and inefficiency should this case go to trial.

(ECF No. 111, p. 2).

Plaintiff's reply states that he did not previously identify Tammera Weaver as a witness because "upon first communication with Ms. Weaver it seemed as though she may be hostile and not forthcoming with any favorable information towards Plaintiff's case as she feels very strongly that had this case not been filed, her brother would still be alive." (ECF No. 117, p. 2). However, he recently found out that she is willing to be a witness.

Federal Rules of Civil Procedure 26 generally requires a party to identify a witness and to

---

[2] Plaintiff states that this letter was read to him and that he wrote it down.

later supplement information about a witness when the party learns that the information provided is incomplete.³ Fed. R. Civ. P. 26(a), (e). Rule 26 requires supplemental responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

Here, Plaintiff claims that he "just recently found out that Ms. Weaver is willing to be a witness" and moves to supplement his witness list. (ECF No. 117, p. 2). While Plaintiff does not provide further detail about this change, it does provide a basis to supplement his list, assuming Plaintiff acted promptly after learning that Ms. Weaver intended to testify.

Moreover, forbidding the use of a witness at trial is not appropriate where "the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

> There are a number of non-exclusive factors for determining whether the failure to provide a required disclosure is substantially justified or is harmless: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence.

*Voyager Indem. Ins. Co. v. Zalman N., Inc.*, 668 F. Supp. 3d 990, 998 (C.D. Cal. 2023) (citation omitted).

Here, the Court concludes that Defendants will suffer no prejudice due to the late supplement because there is sufficient time for Defendants to conduct discovery based on the newly disclosed information. As requested by Defendants, the Court will reopen discovery for the limited purpose of allowing Defendants to investigate any information that Tammera Weaver may have about this case.

It is also worth noting that Defendants were aware of the the Billie Weaver for at least a year. Additionally, no trial date has been set in this case. Rather, the Court will issue a scheduling order with remaining case deadlines following the resolution of dispositive motions. And based on the available record evidence, the Court cannot discern any bad faith in Plaintiff's failure to list Tammera Weaver sooner.

---

³ The Court recognizes that Rule 26(a)'s initial disclosure requirement concerning witnesses does not apply in "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision." Fed. R. Civ. P. 26(a)(1)(B)(iv). However, the Court ordered Plaintiff to provide a list of witnesses in this case. (ECF No. 79, p. 5)

### III. ORDER

Accordingly, IT IS ORDERED as follows:

1. Plaintiff's motion to revise his witness list to add Tammera Weaver is granted. (ECF No. 107).
2. The Court reopens discovery until June 20, 2024, for the limited purpose of allowing Defendants to investigate Tammera Weaver's knowledge of this case. Defendants are permitted to conduct any discovery permitted by the Federal Rules of Civil Procedure, including conducting a deposition of Ms. Weaver.
3. Further, as part of discovery, Defendants may propound relevant discovery to Plaintiff to learn what information he possesses as to Tammera Weaver, such as any contact information for her.

IT IS SO ORDERED.

Dated: **March 20, 2024**               /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE