UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDMOND PAUL PRICE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALVARADO, et al.,<br><br>　　　　　Defendants. | Case No. 1:20-cv-00131-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR A COURT ORDER DIRECTING THE NDOC TO STOP REQUIRING HIM TO SUBMIT HIS PAPERS TO INMATES A DAY BEFORE LEGAL COPIES ARE MADE BE DENIED<br><br>(ECF No. 110)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THRITY (30) DAYS |

**I.　BACKGROUND**

Plaintiff Edmond Paul Price is a Nevada state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. On February 2, 2024, Plaintiff filed a single page motion requesting a court order directing the Nevada Department of Corrections (NDOC) to stop requiring him to submit his papers to inmates a day before legal copies are made. (ECF No. 110). Defendants have not filed any response to the motion, and the time to do so has expired. *See* Local Rule 230(l) (providing 21 days to file any opposition to a motion in a case involving a *pro se* prisoner).

Plaintiff asserts that the NDOC requires him "to submit his legal papers to an inmate that will keep those papers over[]night and then that inmate will take the legal papers to the law

1

library where they will be gone over and upon approval, they will be copied." (ECF No. 110). "The following day the inmate will pick up Plaintiff's legal papers and finally return them to Plaintiff." (*Id.*). He asks for an order stating "that Plaintiff's legal papers are not to leave his presence when copying, filing or mailing services are being provided."

Plaintiff provides no legal argument in support of his motion, but the Court construes this filing as a motion made under the All Writs Act.

## II.   ANALYSIS

Under the All Writs Act, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "The power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice." *United States v. New York Tel. Co.*, 434 U.S. 159, 174 (1977) (footnote and citations omitted).

"Thus, use of the All Writs Act is appropriate in prisoner civil rights cases where non-party correctional officials are impeding the prisoner-plaintiff's ability to litigate his pending action." *Hammler v. Haas*, 2019 U.S. Dist. LEXIS 48377, *3-4 (E.D. Cal., Mar. 22, 2019); *see also Mitchell v. Haviland*, 2015 U.S. Dist. LEXIS 109106, *5 (E.D. Cal., Aug. 18, 2015) ("Use of the All Writs Act is appropriate in cases where prison officials, not named as defendants, allegedly have taken action that impedes a prisoner's ability to litigate his case"); *Lopez v. Cook*, 2014 WL 1488518, *4 (E.D. Cal., Apr. 15, 2014) (issuing an order under the All Writs Act requiring prison officials to provide plaintiff, who was in the Segregated Housing Unit for non-disciplinary reasons, with two contact visits with his counsel). However, "injunctive relief under the All Writs Act is to be used sparingly and only in the most critical and exigent circumstances," and only "if the legal rights at issue are indisputably clear." *Brown v. Gilmore*, 533 U.S. 1301, 1303 (2001) (citations and internal quotation marks omitted).

The Court recommends that Plaintiff's motion be denied because Plaintiff has failed to show that prison officials are preventing him from effectively litigating this action. Specifically, Plaintiff has failed to offer sufficient evidence that prison officials, through the use of inmates for

copying services, are interfering with his ability to file documents in this case. Notably, in just the last approximately 60-day period, Plaintiff has made numerous filings. (ECF Nos. 106-110, 114, 117, 121). Moreover, at the current stage of this case, the parties are awaiting final adjudication of Defendant's pending motion for summary judgment and there are no indications that the delay from copying services will impact any court deadline. (*See* ECF No. 94).

In short, Plaintiff has not shown the presence of critical and exigent circumstances justifying the sparing use of injunctive relief permitted under the All Writs Act.[1]

### III.    CONCLUSION AND RECOMMENDATIONS

Accordingly, IT IS RECOMMENDED that Plaintiff's motion requesting a court order directing the NDOC to stop requiring him to submit his papers to inmates a day before legal copies are made (ECF No. 110) be denied.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **March 20, 2024**                           /s/ Erica P. Grosjean
                                                     UNITED STATES MAGISTRATE JUDGE

---

[1] Nothing in this order prevents Plaintiff from filing administrative grievances or a separate case if he believes his constitutional rights have been violated by prison officials' interference with his access to the Courts.

3