UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDMUND PAUL PRICE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALVARADO, et al.,<br><br>　　　　　Defendants. | Case No.: 1:20-cv-0131 JLT EPG<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS (1) TO GRANT DEFENDANT MARTINEZ'S MOTION FOR SUMMARY JUDGMENT; AND (2) TO DENY PLAINTIFF'S MOTION FOR A COURT ORDER DIRECTING THE NDOC TO STOP REQUIRING HIM TO SUBMIT HIS PAPERS TO INMATES A DAY BEFORE LEGAL COPIES ARE MADE<br>(Docs. 122, 124) |

　　　　Edmond Paul Price is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  The case is now before the Court on two different Findings and Recommendations issued by the assigned magistrate judge. (Docs. 122, 124.)

　　　　On March 20, 2024, the magistrate judge issued Findings and Recommendations, recommending that Defendant Martinez's motion for summary judgment be granted.  (Docs. 94, 122.) Plaintiff filed timely objections (dated April 18, 2024), and Defendant Martinez filed a timely response to those objections.  (Docs. 126, 128.)

　　　　Also on March 20, 2024, the magistrate judge issued Findings and Recommendations, recommending denial of Plaintiff's motion requesting a court order directing the Nevada Department

1

of Corrections (NDOC) to stop requiring him to submit his papers to inmates a day before legal copies are made. (Docs. 110, 124.) The Findings and Recommendations were served on Plaintiff and notified him that any objections were to be filed within 30 days. (Doc. 124 at 3.) In addition, Plaintiff was informed that the "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.* at 3, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014), *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991).) Plaintiff has not filed objections, and the time to do so has expired.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court conducted a *de novo* review of this case. In his objections to the findings and recommendations related to the motion for summary judgment, Plaintiff evaluates the defense evidence and speculates that the attack on him "would have been much harder to accomplish without the overt acts and continued participation of Defendant Martinez." (Doc. 126 at 4-5.) However, his evaluation of the opposing evidence and concluding that it is not worthy of belief and that the Magistrate Judge's analysis as "preposterous," rather than presenting evidence that establishes a genuine dispute of material fact, is insufficient. Moreover, as found by the Magistrate Judge, the Court finds the evidence that it was Plaintiff, rather than any action by Defendant Martinez, that gave rise to the ire of the other inmates, to be persuasive. Plaintiff provides no evidence to the contrary.

Also, Plaintiff's argument that because he believed that the other inmates were angry over the suspension of their access to the kiosks means that Martinez knew this too, is unsupported. First, the fact that Plaintiff concluded that the inmates were so angry as to indicate an attack was imminent is inconsistent with his later actions. For example, his telling an obviously angry and threatening group of inmates that he was the cause of their anger, seems inconsistent with every natural inclination toward self-preservation. Second, the fact that Plaintiff drew the conclusion that a violent reprisal was imminent, does not mean that Martinez did too. Finally, if, indeed, Plaintiff understood that the other inmates were so angry at him that they would react violently to him, begs the question why he did not report this belief to any correctional officer on duty or why he felt comfortable returning to the kiosks to check his email after dropping this bombshell. In any event, Plaintiff's conclusions, unsupported by evidence, do not establish a genuine dispute of material fact.

Having carefully reviewed the entire matter, including Plaintiff's objections to the Findings and Recommendations to grant Defendant Martinez's motion for summary judgment, the Court concludes that both Findings and Recommendations are supported by the record and by proper analysis. Accordingly, the Court **ORDERS**:

1. The Findings and Recommendations issued on March 20, 2024, recommending that Defendant Martinez's motion for summary judgment be granted (Doc. 122) are **ADOPTED** in full.

    a. Defendant Martinez's motion for summary judgment (Doc. 94) is **GRANTED**.

    b. The Clerk of Court is directed to enter judgment in favor of Defendant Martinez and against Plaintiff and to terminate Defendant Martinez as a defendant on the docket.

    c. This case proceeds on the claims against: (1) Defendant Alvarado, for excessive force and deliberate indifference to serious medical needs, each in violation of the Eighth Amendment; conspiracy to violate the Eighth Amendment; violation of the First Amendment; and violation of the Fourth Amendment for an unreasonable search; and (2) Defendant Caraveo, for excessive force and deliberate indifference to serious medical needs, each in violation of the Eighth Amendment; conspiracy to violate the Eighth Amendment; and violation of the First Amendment.

2. The Findings and Recommendations issued on March 20, 2024, recommending that Plaintiff's motion requesting a court order directing the NDOC to stop requiring him to submit his papers to inmates a day before legal copies are made be denied (Doc. 124) are **ADOPTED** in full.

    a. Plaintiff's motion requesting a court order directing the NDOC to stop requiring him to submit his papers to inmates a day before legal copies are made (Doc. 110) is **DENIED**.

3. This action is referred to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **May 30, 2024**

_____
UNITED STATES DISTRICT JUDGE

3