ROB BONTA, State Bar No. 202668
Attorney General of California
JON S. ALLIN, State Bar No. 155069
Supervising Deputy Attorney General
DAVID E. KUCHINSKY, State Bar No. 292861
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7666
  Fax: (916) 324-5205
  E-mail: David.Kuchinsky@doj.ca.gov
*Attorneys for Defendants*
*M. Alvarado and R. Caraveo*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **EDMOND PAUL PRICE,** | 1:20-cv-00131-JLT-EPG (PC) |
| Plaintiff, | DEFENDANTS' MOTIONS IN LIMINE; |
| v. | AND ORDER[1] GRANTING SAME |
| **SHERMAN, et al.,** | (Doc. 157) |
| Defendants. | Trial Date: January 6, 2026<br>Time: 8:30 am<br>Courtroom: 4<br>Judge: Hon. Jennifer L. Thurston<br>Action Filed: January 29, 2020 |

This case proceeds to trial on January 6, 2026, on Plaintiff's First, Fourth, and Eighth Amendment claims and a conspiracy claim against Defendants Caraveo and Alvarado. In preparation for the upcoming trial and in accordance with this Court's Revised Pretrial Order (ECF No. 153), Defendants respectfully request that the Court preemptively exclude or limit the following evidence at trial: (1) Plaintiff's opinions about the diagnosis, prognosis, or cause of his claimed injuries, medical conditions, and symptoms; or about the appropriateness, necessity, or

---

[1] Because the plaintiff did not oppose these motions and because the analysis here is correct, the Court adopts the rationale stated here without expending its extremely limited resources to draft an independent order.

efficacy of any medical treatment or lack of treatment; or about the interpretation of medical records, studies, and analyses; (2) evidence that the State may pay the judgment or reimburse Defendants in the event a judgment is rendered against them; (3) evidence of offers to compromise; (4) evidence or testimony regarding Defendants' involvement in other lawsuits, claims, or incidents alleging misconduct; and (5) the Court should bifurcate the issue of punitive damages from the issue of liability.

Defense counsel emailed Plaintiff's counsel November 9, 2025, and on the morning of November 10, 2025, to try to arrange a meet and confer call, but did not hear back from Plaintiff's counsel before the deadline to file. Defense counsel thus cannot state whether Plaintiff has any objections to the following motions.

**I.     MOTION IN LIMINE NO. 1: THE COURT SHOULD EXCLUDE OPINION OR INFERENCE BY PLAINTIFF AS TO THE NATURE, EXTENT, AND CAUSE OF HIS ALLEGED INJURIES.**

Opinions about medical causation, diagnosis, and prognosis can only be rendered on the basis of specialized knowledge held by an expert qualified by medical education, experience, and training. *See* Fed. R. Evid. 701, 702. Federal Rule of Evidence 701 provides:

> If the witness is not testifying as an expert, the witness's testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Federal Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is the product of reliable principles and methods, and (2) the witness has applied the principles and methods reliably to the facts of the case.

Defendants anticipate, based on his deposition testimony and previous filings in this case, that Plaintiff may attempt to testify that he sustained specific injuries as a result of the purported incident on September 21, 2019.

However, Plaintiff is not a doctor and has never had any formal medical education or worked in the medical field. He thus lacks competent medical expertise, training, or education to

offer opinions or inferences as to the nature and extent of his alleged injuries, or whether any medical conditions diagnosed by medical professionals were caused by the alleged acts in this case. *See* Fed. R. Evid. 701; *see also Tobeler v. Colvin*, 749 F.3d 830, 833 (9th Cir. 2014) (lay witnesses not allowed to testify regarding medical diagnosis); *Calloway v. Contra Costa County Jail Corr. Officers,* 2007 WL 134581, *19, (N.D. Cal. Jan. 16, 2007) (sustaining objection to plaintiff's statement that his fistula was damaged by handcuffs on the grounds that it constituted improper lay opinion under Federal Rule of Evidence 701). While Plaintiff may testify as to what he experienced and felt as a result of the alleged incident, he is not competent or qualified to offer any testimony regarding diagnoses, opinions, inferences, or causation. *See* Fed. R. Evid. 701, 702. Plaintiff should also be precluded from offering any opinions or inferences from any medical records or diagnostic studies without a qualified expert.

Because Plaintiff will not qualify as an expert in this case, he should not be permitted to introduce any opinion testimony regarding his medical records, medical conditions, alleged injuries, or that the Defendants' conduct caused or exacerbated any diagnosed medical condition. Any such testimony should be excluded under Federal Rule of Evidence 701.

\_\_XXXX\_\_    _____    _____
GRANTED        DENIED            MODIFIED

## II. MOTION IN LIMINE NO. 3: THE COURT SHOULD EXCLUDE EVIDENCE THAT THE STATE MAY PAY A JUDGMENT RENDERED AGAINST DEFENDANTS.

Defendants seek to preclude Plaintiff from presenting or eliciting testimony that Defendants may be indemnified by the State if judgment is rendered against them. This evidence is both irrelevant and prejudicial. Under Federal Rule of Evidence 411, evidence that a person was insured at the time the harm was suffered by another is inadmissible to prove liability. Fed. R. Evid. 411. Such evidence is both irrelevant and prejudicial to the defendant. *Jamison v. A. M. Byers Co.*, 330 F.2d 657, 661-62 (3d Cir. 1964). The evidence is prejudicial because a jury is more inclined to deliver a verdict against a defendant if it believes that he is indemnified, as opposed to the defendant alone being required to satisfy the judgment. *Langley v. Turner's Express, Inc.*, 375 F.2d 296, 297 (4th Cir. 1967). There is no logical basis for distinguishing between indemnification by a private insurer and indemnification by a state or one of its departments. The purpose of the rule—that such evidence is irrelevant to any issue in the case, and that a jury will tend to be freer with the money of a deep-pocketed entity on behalf of an injured party than it would with the assets of an individual—remains the same in either circumstance.

Information regarding whether the State would pay a judgment or reimburse Defendants is not relevant to the issues in this case. Fed. R. Evid. 401. It does not provide any information as to what happened during the events giving rise to this lawsuit. Nor does it address the proper measure of damages for Plaintiff's claims. Even if such information were relevant, it should be excluded because its probative value is substantially outweighed by both a danger of unfair prejudice and a danger of confusing the issues. Fed. R. Evid. 403. If the jury learns the State is going to pay any damages award, it may render a larger verdict because it believes the State has deep pockets. That assumption, which may be made, is not necessarily true. The State is conditionally required to indemnify its employees, at their request, in litigation arising from the course and scope of the employment. Cal. Gov't Code § 825. But the State is not obligated to indemnify its employees for exemplary or punitive damages. Cal. Gov't Code § 825, subd. (b).

1  Therefore, presentation of evidence that the State would pay for damages is not only prejudicial,
2  but it would mislead the jury.  Fed. R. Evid. 403.
3  Therefore, the Court should exclude any evidence of Defendants' potential indemnification
4  by the State.

       <u>  XXXX  </u>       <u>          </u>       <u>          </u>
    GRANTED             DENIED             MODIFIED

### III. THE COURT SHOULD EXCLUDE ANY EVIDENCE OR TESTIMONY REGARDING DEFENDANTS' INVOLVEMENT IN OTHER LAWSUITS, CLAIMS, OR ALLEGED MISCONDUCT.

Defendants request that Plaintiff, and any witness he may call, be precluded from introducing evidence or eliciting testimony about other allegations of misconduct purportedly made against Defendants, including but not limited to, other lawsuits, prison grievances (appeals) that have been filed against them, or other alleged incidents. This evidence should be precluded under Federal Rules of Evidence 404(b)(1) and 403.

"Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). While Rule 404(b)(2) allows for the admission of crimes, wrongs, or other acts in limited circumstances, the evidence may only be admitted if, "(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged." *United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002). The proponent of the disputed evidence, in this case Plaintiff, bears the burden of demonstrating its admissibility under the foregoing test. *United States v. Montgomery*, 150 G.3d 983, 1001 (9th Cir. 1998). Plaintiff will not be able to meet his burden.

Defendants believe Plaintiff may attempt to introduce evidence or testimony about other allegations made against Defendants of other misconduct, including lawsuits, other prison grievances (appeals) that have been filed against them, or other alleged incidents. This evidence should be excluded under Rules 403 and 404. Evidence of prior lawsuits or complaints against Defendants does not tend to prove that Defendants violated Plaintiff's rights in this case. Thus, evidence of past complaints of misconduct would only serve to confuse the jury into thinking that Defendants must have violated Plaintiff's rights because they were accused of wrongdoing in the past. The introduction of this evidence will waste time and unnecessarily prolong the trial because it would require the presentation of additional evidence and witnesses who have nothing to do with the incident at issue in this litigation. And the only purpose of this of such testimony would be to argue propensity, which is explicitly excluded by the Federal Rules of Evidence.

6

1   Accordingly, Plaintiff should be precluded from arguing, eliciting testimony, or testifying
2   about any other lawsuits, claims, or incidents alleging misconduct against Defendants.

<u>  XXXX  </u>        <u>           </u>        <u>           </u>
GRANTED            DENIED              MODIFIED

**IV.   MOTION IN LIMINE NO. 4: THE COURT SHOULD EXCLUDE EVIDENCE OR TESTIMONY OF OFFERS TO COMPROMISE.**

Defendants move to preclude Plaintiff from offering or eliciting testimony or mentioning in front of the jury any offers to compromise or statements made during settlement negotiations. Federal Rule of Evidence 408 provides that evidence of offers to compromise and conduct or statements made during settlement negotiations are inadmissible to prove liability or the amount of a claim, or to impeach a prior inconsistent statement. The parties participated in settlement negotiations on May 25, 2021, and January 25, 2022. The only reason Plaintiff would have to mention these negotiations is to suggest that Defendants are liable because they expressed a willingness to settle this case, or to suggest that Defendants are unreasonable because they refused to settle with Plaintiff. Rule 408 prohibits use of settlement offers and settlement discussions for this purpose.

Moreover, this evidence is irrelevant to any issue in the case and will prejudice Defendants. Fed. R. Evid. 401, 403. The Court should therefore exclude evidence of any offers to compromise, as well as conduct or statements made during settlement negotiations.

__XXXX__          _____          _____
GRANTED                DENIED                    MODIFIED

## V. MOTION IN LIMINE NO. 5: THE COURT SHOULD BIFURCATE THE ISSUE OF PUNITIVE DAMAGES FROM THE ISSUE OF LIABILITY.

Under Federal Rule of Civil Procedure 42(b), a court, to avoid prejudice, expedite, or economize, may order a separate trial of one or more issues or claims. In this case, Plaintiff seeks both compensatory and punitive damages from Defendants. (ECF No. 15 at 3.) Because the propriety of Plaintiff's entitlement to punitive damages is wholly distinct from the issue of liability, bifurcation is warranted to expedite this case, conserve the Court's and the party's resources, prevent confusion of the issues, and avoid prejudice to Defendants.

As part of his request for punitive damages, Plaintiff presumably intends to present to the jury evidence about Defendants' financial condition. Questions about the Defendants' personal finances, in open court, are intrusive and potentially embarrassing. If the jury finds that Defendants are not liable to Plaintiff, however, then any evidence of Defendants' financial condition will have been irrelevant. Additionally, evidence of Defendants' financial condition might improperly influence the jury's deliberations on liability and compensatory damages. For these reasons, many courts have bifurcated trials in cases like this, with the punitive damages phase immediately occurring (if necessary) after the first phase of the trial.

The Court should do the same here. *See, e.g.*, *James v. Wilber*, No. 1:08-CV-00351-SKO, 2012 WL 6607290, at *1 (E.D. Cal. Dec. 18, 2012) ("[T]he general practice of the Court is to bifurcate the punitive damages phase in actions such as this."); *Saenz v. Reeves*, No. 1:09-CV-00057-BAM, 2013 WL 2481733, at *1 (E.D. Cal. June 10, 2013) ("At the telephonic trial confirmation hearing held on April 15, 2013, the Court ordered that the punitive damages phase of this trial, if any, will be bifurcated."); *Henderson v. Petersen*, No. 4:07-CV-2838-SBA, 2011 WL 2838169, at *16 (N.D. Cal. July 15, 2011) ("The Court is persuaded that bifurcation is appropriate under the circumstances presented."); *Barker v. Yassine*, No. 2:11-CV-00246-AC, 2016 WL 4264149, at *3 (E.D. Cal. Aug. 15, 2016) ("[B]ifurcation would avoid potential confusion of the jurors and prejudice to defendant that might result from the presentation of evidence about defendant's personal finances and net worth while the jury is determining defendant's liability and plaintiff's non-punitive damages."); *Edwards v. Bratton*, No. 1:13-CV-

1  00345-EPG, 2016 WL 1588398, at *4 (E.D. Cal. Apr. 20, 2016) ("Evidence of Defendants'
2  financial condition in the initial part of the trial is not relevant and would be more prejudicial than
3  probative under Rule 403.")

    __XXXX__        _____        _____
    GRANTED         DENIED          MODIFIED

Defs' Motions in Limine  (1:20-cv-00131-JLT-EPG (PC))

**CONCLUSION**

Defendants respectfully request that the Court grant the above motions.

Dated: November 10, 2025                                        Respectfully submitted,

                                                                ROB BONTA
                                                                Attorney General of California
                                                                JON S. ALLIN
                                                                Supervising Deputy Attorney General


                                                                **/s/ David E. Kuchinsky**



                                                                DAVID E. KUCHINSKY
                                                                Deputy Attorney General
                                                                *Attorneys for Defendants*
                                                                *M. Alvarado and R. Caraveo*

**CONCLUSION AND ORDER**

As set forth above, Defendants' Motions in Limine 1 through 5 (Doc. 157), all of which are unopposed, are **GRANTED**.

IT IS SO ORDERED.

Dated:   **December 2, 2025**                                   _____
                                                                UNITED STATES DISTRICT JUDGE