UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDMOND PAUL PRICE, | Case No.   1:20-cv-00131-JLT-EPG (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS BE DENIED COSTS |
| v. | |
| ALVARADO, et al., | (ECF No. 175) |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

## I.    INTRODUCTION

Plaintiff Edmond Paul Price is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case initially proceeded on the following claims:

Defendant Alvarado, for excessive force and deliberate indifference to serious medical needs, each in violation of the Eighth Amendment; conspiracy to violate the Eighth Amendment; violation of the First Amendment; and violation of the Fourth Amendment for an unreasonable search.

Defendant Carivao, for excessive force and deliberate indifference to serious medical needs, each in violation of the Eighth Amendment; conspiracy to violate the Eighth Amendment; violation of the First Amendment.

Defendant Martinez, for failure to protect in violation of the Eighth Amendment and conspiracy to violate the Eighth Amendment.

(ECF No. 19, pp. 1-2).

However, Defendant Martinez was later granted summary judgment and dismissed from this case. (ECF No. 129).

1

Thereafter, this case proceeded to a jury trial, a verdict was entered in the remaining Defendants' favor, and a judgment was entered against Plaintiff. (ECF No. 174).

Now before the Court is Defendants' bill of costs, filed on January 20, 2026, requesting $3,589.95 for case-related expenses.[1] (ECF No. 175).

For the reasons given below, the Court will recommend that Defendants be denied costs.

## II.    ANALYSIS

Federal Rule of Civil Procedure 54(d)(1) provides as follows: "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Although the Ninth Circuit has interpreted this "as creating a presumption for awarding costs to prevailing parties," the Rule "also vests in the district court discretion to refuse to award costs." *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016) (citations and internal quotation marks omitted). In determining whether to exercise such discretion, the Ninth Circuit has directed courts to consider a non-exhaustive list of factors: "(1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Id.* Importantly, "a losing party need not demonstrate that all five factors weigh against imposing costs." *Id.*

As for the first factor—the substantial public importance of the case—"[i]ndividual Eighth Amendment cases are important for safeguarding the rights and safety of prisoners." *Id.* at 1088. In this case, although ultimately unsuccessful, Plaintiff raised several Eighth Amendment violations, among other claims, which weigh against awarding costs to Defendants.

As for the second factor— the closeness and difficulty of the issues in the case—the Court notes that many of the claims in this case proceeded to a jury trial, although the claims against

---

[1] The Court recognizes that Plaintiff filed a notice of appeal on February 17, 2026. (ECF No. 177). However, an award of costs is considered a collateral issue over which the district court normally retains jurisdiction after an appeal. *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) (noting that an award of "costs is a collateral issue"). Thus, the Court concludes that it may review the bill of costs despite Plaintiff's pending appeal. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) ("It is well established that a federal court may consider collateral issues after an action is no longer pending. For example, district courts may award costs after an action is dismissed for want of jurisdiction.") (citation omitted).

Martinez were dismissed earlier at the summary judgment stage. (ECF Nos. 129, 174). Even though Plaintiff lost this case, there is no indication that Plaintiff filed this lawsuit in bad faith. *See Murray v. Warden*, No. 2:19-CV-2114-DAD-AC, 2023 WL 3168368, at *2 (E.D. Cal. Apr. 28, 2023), *report and recommendation adopted*, 2023 WL 5155800 (E.D. Cal. Aug. 10, 2023) (recommending denial of costs where Plaintiff lost motion for summary judgment, in part, because "[t]here [was] no evidence of bad faith or misconduct in bringing this lawsuit").

As for the third factor—the chilling effect on future similar actions—an award of $3,589.95 in costs "could chill similar lawsuits challenging Eighth Amendment violations in jails and prisons." *Draper*, 836 F.3d at 1088. This factor weighs in favor of Plaintiff.

Lastly, the fourth and fifth factors— the plaintiff's limited financial resources and the economic disparity between the parties—weigh in Plaintiff's favor. When Plaintiff initiated this case, he was granted leave to proceed *in forma pauperis*, based in part, on his trust funds having around a $40 balance and him having a savings "balance of $9.00 not accessible to him." (ECF No. 2, p. 4; ECF No. 6). Plaintiff's continued incarceration makes it unlikely that his economic circumstances will improve.

In contrast, Defendants are represented by the California Office of the Attorney General. (*See* ECF No. 22). As the Ninth Circuit has noted, "[t]here is no comparison between [an inmate plaintiff's] limited resources and those of the state of California, which bore the defense costs." *Draper*, 836 F.3d at 1089.

In short, considering all the relevant circumstances in this case, the Court will recommend that Defendants be denied costs. *Murray*, 2023 WL 3168368, at *1 (recommending denial of $1,519.78 in costs associated with taking plaintiff's deposition although court granted summary judgment to defendant).

### III.    CONCLUSION AND RECOMMENDATIONS

For the reasons given above, IT IS RECOMMENDED that Defendants be denied costs. (ECF No. 175).

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within thirty (30) days after being served with a copy of these Findings and Recommendations, any party

may file written objections with the Court and serve a copy on all parties. Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 10, 2026**                          /s/ Erica P. Grosjean
                                                  UNITED STATES MAGISTRATE JUDGE