**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDMOND PAUL PRICE, | Case No. 1:20-cv-0131 JLT EPG |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING DEFENDANTS' COSTS |
| v. | |
| ALVARADO, et al., | (Docs. 175, 180) |
| Defendants. | |

Edmond Paul Price, a state prisoner, proceeded *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. The Court held a trial in this action, and the jury returned a verdict in favor of Defendants. (*See* Doc. 172.) Following the entry of judgment, Defendants filed a bill of costs, requesting $3,589.95 related to depositions and transcripts. (Doc. 175.) Plaintiff did not respond to the bill of costs.[1] This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The assigned magistrate judge noted that the Court has discretion under the Federal Rules of Civil Procedure to deny costs to a prevailing party. (Doc. 180 at 2, citing *Draper v. Rosario*,

---

[1] The Court ordered Plaintiff to file any objection to the bill of costs no later than February 20, 2026. (Doc. 176.) On February 17, 2026, Plaintiff filed a notice of appeal. (Doc. 177.) This notice of appeal does not deprive this Court of jurisdiction to address the bill of costs. *Fidelity & Guaranty Ins. Co. v. Reddy*, 2008 WL 3126207, at *1 (E.D. Cal. Aug. 5, 2008); *see also Kusay v. United States*, 62 F.3d 192, 194 (7th Cir. 1995) (noting that a district court may address ancillary matters, such as costs, while a case is pending appeal).

1

836 F.3d 1072, 1087 (9th Cir. 2016).)  The magistrate judge observed:

> In determining whether to exercise such discretion, the Ninth Circuit has directed courts to consider a nonexhaustive list of factors: "(1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties."

(*Id.*, quoting *Draper*, 836 F.3d at 1087).  Considering these factors, the magistrate judge noted that "Plaintiff raised several Eighth Amendment violations," and such cases "are important for safeguarding the rights and safety of prisoners." (*Id.*, citation omitted.)  The magistrate judge found the second factor also weighed against costs, because "many of the claims in this case proceeded to jury trial, although the claims against Martinez were dismissed earlier at the summary judgment stage." (*Id.* at 2-3.)  The magistrate judge determined that an award of costs "could chill similar lawsuits challenging Eighth Amendment violations in jails and prisons." (*Id.* at 3, quoting *Draper*, 836 F.3d at 1088).  Addressing the fourth factor, the magistrate judge observed that "[w]hen Plaintiff initiated this case, he was granted leave to proceed *in forma pauperis*, based in part, on his trust funds having around a $40 balance and him having a savings 'balance of $9.00 not accessible to him.'" (*Id.*, quoting Doc. 2 at 4.)  Finally, the magistrate judge noted the Ninth Circuit found that "there is no comparison between an inmate plaintiff's limited resources and those of the state of California." (*Id.*, quoting *Draper*, 836 F.3d at 1089) [cleaned up].)  Therefore, the magistrate judge found the *Draper* factors weighed against an award of costs and recommended the Court deny the requested costs. (*Id.*)

Defendants filed timely objections to the Findings and Recommendations. (Doc. 181.) Defendants argue the magistrate judge erred in finding "a deviation from the normal presumption of awarding costs to prevailing parties is justified in this case." (*Id.* at 2.)  According to Defendants, "The [magistrate judge's] generic reasoning for recommending denial of costs in this case would essentially impose a blanket rule against awarding costs in a prisoner case, which is not the law." (*Id.* at 3.)  Defendants argue the fact that Plaintiff raised Eighth Amendment claims "is not sufficient reason to deny costs." (*Id.*)  Defendants also assert that "[t]his case was neither close nor difficult," and contend they took the matter to trial "because Plaintiff's allegations were

completely without merit." (*Id.* at 4.)  Defendants contend the Court may also award costs where the plaintiff does not show costs may have a chilling effect on potential civil rights plaintiffs.  (*Id.* at 5.)  In addition, Defendants argue that "the Ninth Circuit has instructed that 'proceeding in forma pauperis does not, by itself, exempt a prisoner from paying costs.'"  (*Id.*, quoting *Draper*, 836 F.3d at 1087.)  Finally, Defendants acknowledge that "substantial economic disparity between Plaintiff and the State of California" but maintain there is no evidence that Plaintiff would "suffer undue hardship under a [28 U.S.C.] § 1915(a)(2) payment plan."  (*Id.* at 6.)

The record does not support Defendants' argument that the magistrate judge made only "generic" findings in evaluating the *Draper* factors.  As noted by the magistrate judge, Plaintiff had less than $50 in his prison trust account when he initiated this action, and there is nothing in the record to show a change in financial status.  The magistrate judge also noted that Plaintiff brought claims under the Eighth Amendment, and the Ninth Circuit explicitly determined that such "[i]ndividual Eighth Amendment cases are important for safeguarding the rights and safety of prisoners." *Draper*, 836 F.3d at 1088.  Further, the magistrate judge properly found that an award of costs may have a chilling effect on other Eighth Amendment litigation.  *See id.*  While Plaintiff's *in forma pauperis* status alone is insufficient to support a denial of costs, the considerable economic disparity between the parties supports a denial of the requested $3,589.95 costs in conjunction with the other *Draper* factors. *See, e.g., Lee v. Chandler*, 2025 WL 789868, at *2 (W.D. Wash. Mar. 12, 2025) ("While $1,653.00 is not an exorbitant amount, in the context of [the plaintiff's] status as both indigent and incarcerated, awarding costs would against her could discourage other indigent inmates from pursuing civil rights claims").

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this action.  Having carefully reviewed the matter, including Defendants' objections, the Court concludes that the Findings and Recommendations are supported by the record and proper analysis.  Thus, the Court **ORDERS**:

1.    The Findings and Recommendations issued on March 11, 2026 (Doc. 180), are **ADOPTED** in full.

///

3

2.    Defendants' costs (Doc. 175) are **DENIED**.

IT IS SO ORDERED.

Dated:  July 9, 2026

UNITED STATES DISTRICT JUDGE